[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR ACCELERATED REHABILITATION
By information dated November 2, 1998, the defendant was charged with Disposal of Hazardous Waste without a Permit, Section 22a-131a(b) of the Connecticut General Statutes; Conspiracy to Commit Disposal of Hazardous Waste without a Permit, Sections 53a-48 and 22a-131a(b) of the Connecticut General Statutes; Storage of Hazardous Waste without a Permit, Section 22a-131a(b) of the Connecticut General Statutes; Conspiracy to Commit Storage of Hazardous Waste without a Permit, Sections 53a-48 and 22a-131a(b) of the Connecticut General Statutes; and Placing Another in Imminent Harm of Death or Serious Bodily Injury, Section 22a-131a(c) of the Connecticut General Statutes.
On March 9, 2001, the defendant, Daniel Malchman, made Application for Accelerated Rehabilitation. The matter was referred to the Office of Adult Probation to review the defendant's eligibility and continued for notice and hearing to March 26, 2001. CT Page 6092
On March 26, 2001, this court made a finding that the defendant was eligible for consideration for accelerated rehabilitation based on Probation's review of the defendant's status. This court further found that notice has been made in accordance with statute to Arthur Rocque, Commissioner of the Department of Environmental Protection, and to John Bogdanski, Carl Hoover and Mary Swan, the alleged victims.
On March 26, 2001, all parties were present and had an opportunity to be heard. The State objected to the application and the court heard statements from David Stokes, David Nash and Mohommed Deria, all employees of the Department of Environmental Protection. In addition, the court heard statements in opposition to the application from John Bogdanski, Carl Hoover and Mary Swan, as well as Sandra Lamb and Michael Riley, workers at the facility where the alleged hazardous waste was disposed and/or stored.
The State argued that the defendant's Application for Accelerated Rehabilitation should be denied due to the seriousness of the crime and the ongoing nature of the crime. The State further argued that if the application were granted, such a decision would undermine the laws and regulations established to protect the environment.
The defendant argued that he is eligible for the program, the crime with which he is charged is not excluded from consideration under the program, and there is no ongoing crime.
This court has heard oral argument and reviewed all written materials as well as the Connecticut General Statutes which control, specifically Section 54-56e. Based on that review the court finds as follows:
(1) The defendant is eligible to be considered for Accelerated Rehabilitation under subsections (b) and (c) of Section 54-56e of the Connecticut General Statutes.
(2) However, the court denies the Application for Accelerated Rehabilitation, pursuant to subsection (a) of Section 54-56e of the Connecticut General Statutes as the nature of the alleged crimes and/or violations are too serious in nature.
Handy, J.